# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILEY GLEN YATES, JR., Inmate #K02831,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLES BREMER, CRAIG KNIGHT, and UNKNOWN DEFENDANTS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)    CIVIL NO. 06-660-DRH<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). The Court finds that Plaintiff, an inmate currently incarcerated in the Graham Correctional Center, is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 3.41**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at the Graham Correctional Center *upon entry of this Memorandum and Order*.

### THRESHOLD REVIEW

Plaintiff brings this action against Defendants Charles Bremer, Craig Knight, both Granite City, Illinois, Police Officers, and other unknown defendants, for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is subject to summary dismissal for failure to state a claim upon which relief may be granted.

***Factual Allegations***

Plaintiff states that Defendants Bremer and Knight manufactured and falsified evidence used against him in his Illinois state criminal case. Specifically, Defendants obtained a falsified statement from a witness in the case and then encouraged the witness to leave the area by threatening him with arrest. The Defendants also "tricked" Plaintiff into signing a falsified statement in the case. Plaintiff alleges that the two falsified statements were used to convict him. Plaintiff argues that the actions of the Defendants violated his constitutional rights.

***Legal Standards***

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the

conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488.  Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.  Plaintiff indicates in his complaint that motions for relief from judgment and for post conviction relief are still pending in Illinois state court.  Thus, Plaintiff has not completely exhausted his state court remedies.  Accordingly, the action is **DISMISSED** without prejudice to the filing of the claims in Illinois state court on appeal in the criminal, in post-conviction motions filed pursuant to Illinois statute, or in federal court pursuant to 28 U.S.C. § 2254 after exhaustion of all claims in Illinois court.

   **IT IS SO ORDERED.**

   **DATED:** September 11, 2006.


   /s/   David  RHerndon
   **DISTRICT JUDGE**